**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST )<br>712 H Street, N.E. )<br>Suite 1682 )<br>Washington, D.C. 20002, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>U.S. DEPARTMENT OF EDUCATION )<br>400 Maryland Ave., S.W. )<br>Washington, D.C. 20202 )<br> )<br>Defendant. )<br>_____ ) | Civil Case No. 1:24-cv-02656 |

**COMPLAINT**

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Education ("ED") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel ED's compliance with FOIA's requirements.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants, electric light the most efficient policemen," PPT seeks to

promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT. (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant ED is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). ED has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. In April 2024, PPT submitted two FOIA requests to ED.

7. Since initial communications about the requests and their contents, ED has gone silent regarding both requests, failing to provide a determination within the required time period in violation of its obligations under FOIA.

### PPT's First Request: FOIA Request 24-01546-F

8. PPT submitted its first FOIA request (Exhibit A) to ED on April 1, 2024, seeking the following records:

> 1. From May 1, 2023, through the date this request is processed, records of communications to, from, and including the list of officials regarding Title IX with other officials at the Department of Education or with staff at the White House (eop.gov).
>
> Officials:
> a) Miguel Cardona
> b) Catherine Llhamon
> c) Lexi Barrett
> d) James Kvaal
> e) Cindy Marten
> f) Blanchi Roblero
> g) Adam Schott
> h) Danny Carlson
> i) Nasser Payder
> j) Roxanne Garza

        k) Lisa Brown
        l) Rachel Homer
        m) Sam Ames
        n) Anna Hartge
        o) Shin Inouye
        p) Chauncey Alexander
        q) Monique Dixon
        r) Seth Galanter
        s) Suzanne Goldberg
        t) Mathew Nosanchuk

9. The release of these records is in the public interest because it will help the public understand the operations and activities of ED.

10. On April 2, 2024, ED sent PPT a formal acknowledgement letter regarding the request. The acknowledgement reflected that ED had assigned the request the tracking number 24-01546-F.

11. On April 10, 2024, ED sent PPT an email asking whether PPT would be willing to narrow the scope of its request in certain ways.

12. On April 25, 2024, ED repeated its inquiry.

13. On May 20, 2024, PPT responded to confirm that it wished to pursue the request as written.

14. On September 3, 2024, PPT asked ED for an update on the request.

15. ED did not respond.

16. To date, ED has not responded to PPT's request for an update, nor has it provided either a response to PPT's request or a specific time estimate for when it will do so.

**PPT's Second Request: FOIA Request 24-01547-F**

17. On April 1, 2024, PPT submitted its second FOIA request (Exhibit B) to ED, seeking the following records:

1. From May 1, 2023, through the date this request is processed, records of communications to, from, and including the list of officials and employees at the list of organizations regarding Title IX.

Officials:
a) Miguel Cardona
b) Catherine Llhamon
c) Lexi Barrett
d) James Kvaal
e) Cindy Marten
f) Blanchi Roblero
g) Adam Schott
h) Danny Carlson
i) Nasser Payder
j) Roxanne Garza
k) Lisa Brown
l) Rachel Homer
m) Sam Ames
n) Anna Hartge
o) Shin Inouye
p) Chauncey Alexander
q) Monique Dixon
r) Seth Galanter
s) Suzanne Goldberg
t) Mathew Nosanchuk

Outside organizations:
I.     National Center for Transgender Equality, transequality.org
II.    Athlete Ally, athleteally.org
III.   You Can Play Project, youcanplayproject.org
IV.    The Sports Equality Foundation, sportsequalityfoundation.org
V.     Transgender Law Center, transgenderlawcenter.org
VI.    GLSEN (Gay, Lesbian & Straight Education Network), glsen.org
VII.   GLAAD, glaad.org
VIII.  American Federation of Teachers, aft.org
IX.    National Education Association, nea.org
X.     Lambda Legal, lambdalegal.org
XI.    Know Your IX, advocatesforyouth.org
XII.   Interfaith Alliance,
XIII.  The Trevor Project,
XIV.   World Professional Association for Transgender Health (WPATH),
XV.    Human Rights Campaign

18. The release of these records is in the public interest because it will help the public

understand the operations and activities of ED.

19. On April 2, 2024, ED sent PPT a formal acknowledgement letter regarding the request. The formal acknowledgment reflected that ED had assigned the request the tracking number 24-01547-F.

20. On September 3, 2024, PPT asked ED for an update on the request. ED's FOIA officer responded that he would need to reach out to the various program offices that had been assigned the request to gather a substantive update and that he would share the information when he had it.

21. To date, ED has not sent PPT any further information about the status of the request, nor has it provided either a response to the request or a specific time estimate for when it will do so.

## ED violated its FOIA obligations

22. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

23. The Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

24. Over 160 days have elapsed since ED received each of PPT's requests, yet ED still has not made determinations with respect to either of them. *See Citizens for Responsibility and*

*Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). In both instances, ED has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

25. Given these facts, ED has not met its statutory obligations to provide the requested records.

26. Through ED's failure to make determinations within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

<u>COUNT I - FOIA Request 24-01546-F</u>

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

a. PPT repeats and incorporates by reference the foregoing paragraphs 1-16 and 22-26 as if fully set forth herein.

b. PPT's first request, 24-01546-F, was a properly submitted request for records within the possession, custody, and control of ED.

c. ED is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d. ED is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e. ED's failure to provide all non-exempt responsive records violates FOIA.

f. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to its FOIA request and provide

an index justifying the withholding of any responsive records withheld under claim of exemption.

## COUNT II - FOIA Request 24-01547-F

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

a.  PPT repeats and incorporates by reference the foregoing paragraphs 1-7 and 17-26 as if fully set forth herein.

b.  PPT's second request, 24-01547-F, was a properly submitted request for records within the possession, custody, and control of ED.

c.  ED is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d.  ED is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e.  ED's failure to provide all non-exempt responsive records violates FOIA.

f.  Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant ED complies with the requirements of FOIA and any and all orders of this Court.

7

(2) Order ED to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's requests and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award PPT's the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: September 16, 2024                   Respectfully submitted,

                                            PROTECT THE PUBLIC'S TRUST
                                            By Counsel:

                                            /s/Gary M. Lawkowski
                                            Gary M. Lawkowski
                                            D.D.C. Bar ID: VA125
                                            DHILLON LAW GROUP, INC.
                                            2121 Eisenhower Avenue, Suite 608
                                            Alexandria, Virginia 22314
                                            Telephone: 703-574-1654
                                            GLawkowski@Dhillonlaw.com

                                            Jacob William Roth
                                            D.D.C. Bar ID: 1673038
                                            DHILLON LAW GROUP, INC.
                                            1601 Forum Plaza, Suite 403
                                            West Palm Beach, Florida 33401
                                            Telephone: 561-227-4959
                                            JRoth@Dhillonlaw.com

                                            *Counsel for the Plaintiff*